**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **CHRISTOPHER VITALIS,**<br><br>            Plaintiff,<br><br>   v.<br><br>**CROWLEY CARIBBEAN SERVICES, LLC, CROWLEY MARITIME CORP., CROWLEY PUERTO RICO SERVICES, INC., CROWLEY LINER SERVICES PUERTO RICO, INC., and JORGE COLON MORALES,**<br><br>            Defendants.<br>_____ | 1:20-cv-00020-WAL-GWC |

**TO:**    Ryan W. Greene, Esq.
         K. Rick Alvis, Esq.
         Carol G. Hurst, Esq.
         James W. McCready, III, Esq.

## ORDER DENYING CERTAIN CROWLEY DEFENDANTS' MOTION TO STAY DISCOVERY

THIS MATTER is before the Court upon Certain Crowley Defendants'[1] Motion to Stay Discovery (ECF No. 141). Plaintiff filed a response in opposition (ECF No. 143) and Defendants filed a reply (ECF No. 149).

Defendants move for an order staying all merits-based discovery until such time as the Court has decided their pending motions to dismiss this action for lack of personal jurisdiction.[2] Defendant Crowley Maritime Corporation (CMC) and defendant Crowley

---

[1] Crowley Maritime Corporation, Crowley Puerto Rico Services, Inc., and Crowley Liner Services Puerto Rico, Inc.

[2] *See* CMC Motion for Summary Judgment Based on Lack of Personal Jurisdiction (Aug. 28, 2020), ECF No. 51 and CPRSI Motion for Summary Judgment Based on Lack of Personal Jurisdiction (Jan. 10, 2021), ECF No. 104.

*Vitalis v. Crowley Caribbean Services, LLC, et al.*
1:20-cv-00020-WAL-GWC
Order Denying Certain Crowley Defendants' Motion to Stay Discovery
Page 2

Puerto Rico Services' (CPRSI) motions (ECF Nos. 51 and 104) remain pending. Defendant Crowley Liner Services Puerto Rico (CLSPR) has not filed a motion to dismiss for lack of personal jurisdiction. Defendants argue that to proceed without a stay would waive their objections to personal jurisdiction. ECF No. 142, p.1. The Court finds that proceeding with discovery will not waive Defendants' objections to personal jurisdiction, and that granting the stay would unduly delay proceedings and prejudice plaintiff. Thus, the motion will be denied.

## I.  APPLICABLE LEGAL PRINCIPLES

### 1. Delay and Prejudice

In determining whether or not to issue a stay, courts "must weigh competing interests" and strive to "maintain an even balance[,]" mindful that the stay of a civil proceeding constitutes "an 'extraordinary remedy.'" *Akishev v. Kapustin*, 23 F.Supp.3d 440, 445 (D.N.J. 2014) (internal citations omitted).

The movant for a stay of proceedings "'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay ... will work damage to [someone] else.'" *Id*. at 445-46 (quoting *Landis v. North American Company*, 299 U.S. 248, 255 (1936)). "The power to stay proceedings 'calls for the exercise of judgment, which must weigh competing interests' and 'balance' the hardships with respect to the movant and non-movant." *Id*. at 446 (internal citations omitted).

*Vitalis v. Crowley Caribbean Services, LLC, et al.*
1:20-cv-00020-WAL-GWC
Order Denying Certain Crowley Defendants' Motion to Stay Discovery
Page 3

Courts generally weigh several factors in determining whether to grant a stay including: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set. *Id.* (internal citations omitted).

> It is generally accepted that
>
> a district court has broad discretion 'to stay discovery until preliminary questions that may dispose of the case are determined.' *Petrus v. Bowen,* 833 F.2d 581, 582 (5th Cir. 1987). Such a stay is not, however, automatically granted whenever a motion to dismiss is pending and is rarely appropriate when the pending motion will not dispose of the entire case. *See Coca-Cola Bottling Co. of the Lehigh Valley v. Grol,* 1995 WL 421900, at *2 (E.D. Pa.1993); *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990) (party seeking stay of discovery must make a strong showing of why discovery should be denied).

*Keystone Coke Co. v. Pasquale*, No. Civ. A. 97-6074, 1999 WL 46622 at *1 (E.D. Pa. January 7, 1999) (citations omitted).

The observation of the United States District Court for the Northern District of California in *Gray v. First Winthrop Corp.,* 133 F.R.D. 39 (N.D. Cal. 1990), is instructive:

> Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. [sic] 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. . . . Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion.

*Vitalis v. Crowley Caribbean Services, LLC, et al.*
1:20-cv-00020-WAL-GWC
Order Denying Certain Crowley Defendants' Motion to Stay Discovery
Page 4

*Id.* at 40. In the event the parties and counsel were unaware of the generally accepted rubric that the mere filing of a motion to dismiss does not stay discovery, they should be aware of this Court's Local Rules of Civil Procedure Rule 26.6, which specifically provides: "The filing of a motion under Federal Rule of Civil procedure [sic] 12 does not automatically operate to stay discovery. Any party seeking a stay of discovery must apply to the Court for such relief." Thus, the mere filing of a motion to dismiss by defendants is not enough, in itself, to warrant a stay of discovery.

    **2. Waiver of Personal Jurisdiction Defense**

A defendant can waive its objection to personal jurisdiction by engaging in litigation on the merits without first securing a court's determination on its jurisdictional challenge. *Clarke v. Marriott Int'l, Inc.*, 2013 U.S. Dist. LEXIS 125963 at *8 (D.V.I. Sept. 2, 2013) (internal citations omitted). Objections to personal jurisdiction may be waived by a party's litigation conduct in one of two ways: (1) failure to assert the defense in the party's answer (or in a similar responsive pleading), or in a pre-answer motion to dismiss; or (2) by consenting to a court's jurisdiction by litigating the merits or engaging in extensive litigation in the forum. *Id.* at *10-11 (citing *Whitecap Inv. Corp. v. Putnam Lumber & Exp. Co.*, 2013 U.S. Dist. LEXIS 39413 at *6-7 (D.V.I. Mar. 21, 2013); Fed R. Civ. P. 12(b)(2), (h)(1), (g)(2); *Konigsberg v. Shute*, 435 F.2d 551, 552 (3d Cir. 1970) (per curiam)).

The Third Circuit has stated that "a party is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits or demonstrates a

*Vitalis v. Crowley Caribbean Services, LLC, et al.*
1:20-cv-00020-WAL-GWC
Order Denying Certain Crowley Defendants' Motion to Stay Discovery
Page 5

willingness to engage in extensive litigation in the forum." *Clarke* at *10-11 (D.V.I. Sept. 2, 2013) (citing *In re Tex. E. Transmission Corp.*, 15 F.3d at 1236). A defendant's actions "may amount to a legal submission to the jurisdiction of the court," even if such waiver is not intentional. *Id.* at *11 (citing *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999).

Courts have found personal jurisdiction defenses waived when defendants both (1) allowed a significant delay in seeking a determination on the issue, and (2) filed other motions and participated in discovery. *Clarke* at *11-12 (citing *Whitecap*, 2013 U.S. Dist. LEXIS 39413 at *12). In *Whitecap*, for example, the court found that a defendant had waived its objection to personal jurisdiction through its litigation conduct—namely, by "cho[osing] to wait more than a year to seek such a determination, all the while actively participating in the ongoing litigation." *Id.* at *12. The court noted that during the year-long interim, the defendant "participated in extensive discovery, propounding several discovery requests and making various disclosures of its own." *Id.*

In *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293 (7th Cir. 1993), the Seventh Court held that the defendants' personal jurisdiction defense was waived when they had "fully participated in litigation of the merits for over two-and-a-half years without actively contesting personal jurisdiction." *Clarke* at *12 (citing *Continental Bank*, 10 F.3d at 1297). The defendants in *Continental Bank* had "participated in lengthy discovery, filed various motions and opposed a number of motions." *Id.* Accordingly, the Seventh Circuit held that

*Vitalis v. Crowley Caribbean Services, LLC, et al.*
1:20-cv-00020-WAL-GWC
Order Denying Certain Crowley Defendants' Motion to Stay Discovery
Page 6

the "district court could properly conclude that the defendants' delay in urging this threshold issue manifest[ed] an intent to submit to the court's jurisdiction." *Clarke* at *12-13 (citing *Continental Bank*, 10 F.3d at 1297).

## II. DISCUSSION

### 1. Granting Defendants' Motion to Stay would Unduly Delay and Prejudice Plaintiff

No trial date has been set in this case and discovery has barely begun. Plaintiff argues that "preventing [him] from obtaining discovery at this stage in the litigation would cause severe prejudice to [his] ability to clearly ascertain the full picture at issue with this accident" and "make it extremely difficult, if not impossible, for the Plaintiff to adequately prepare his case." Opp'n at 5.

Defendants argue that any undue delay and prejudice is of Plaintiff's own doing because of his "scatter-gun" approach in filing complaints against numerous defendants and bringing "suit against movants in a forum where they arguably are not subject to the court's personal jurisdiction." Reply at 2-3.

The matter at issue is whether granting defendants' motion to stay would unduly delay the proceedings and/or prejudice plaintiff. The Court will not consider Plaintiff's decision to file complaints against multiple defendants as self-inflicted delay or prejudice.

Defendants' second argument regarding personal jurisdiction calls upon this Court to make a preliminary finding of the likelihood of success on the motions to dismiss. This

*Vitalis v. Crowley Caribbean Services, LLC, et al.*
1:20-cv-00020-WAL-GWC
Order Denying Certain Crowley Defendants' Motion to Stay Discovery
Page 7

would circumvent the procedures for resolution of such a motion. Thus, the Court does not find defendants' argument—that plaintiff is responsible for delay and prejudice by suing in this Court—persuasive.

## 2. Denying Defendants' Motion to Stay does not Waive their Personal Jurisdiction Defense

Defendants CMC and CPRSI asserted the personal jurisdiction defense in their respective Answers. *See* ECF No. 49 (denying personal jurisdiction as to CMC); ECF No. 61 (denying personal jurisdiction as to CPRSI). Thus, only the latter category of waiver—consent to the Court's jurisdiction—is relevant to the instant Motion. The circumstances relevant to the instant Motion are dissimilar to *Whitecap*, *Continental Bank*, and *Clarke* because defendants CMC and CPRSI have not "demonstrated a willingness to engage in extensive litigation in the forum." *Clarke* at *16 (internal citations omitted). Defendants have noted their personal jurisdiction objections prior to the start of discovery. Defendants filed their motions to dismiss based on lack of personal jurisdiction promptly and prior to participating in any "extensive" and "lengthy" discovery at issue in the cited cases. The defendants' objection is noted, and thus this Court finds that to proceed would not waive defendants CMC and CPRSI's objections to personal jurisdiction.

Defendant CLSPR did not assert the personal jurisdiction defense in its Answer. ECF No. 135. Nor has CLSPR filed a motion to dismiss based on lack of personal jurisdiction.[3] As

---

[3] "CLSPR . . . is in the process of finalizing a similar motion." ECF No. 142 at 6. No motion has been

*Vitalis v. Crowley Caribbean Services, LLC, et al.*
1:20-cv-00020-WAL-GWC
Order Denying Certain Crowley Defendants' Motion to Stay Discovery
Page 8

there is no pending motion as to defendant CLSPR, the inclusion of CLSPR with CMC and CPRSI in the instant motion is incongruous. The instant motion does not offer any grounds for CPRSI's entitlement to a stay.

### III.     CONCLUSION

Accordingly, it is now hereby **ORDERED** that Certain Crowley Defendants' Motion to Stay Discovery (ECF No. 141) is **DENIED**.

ENTER:

Dated: September 30, 2021                /s/ George W. Cannon, Jr.
                                                                       GEORGE W. CANNON, JR.
                                                                       U.S. MAGISTRATE JUDGE

---

filed. The Court will not rule based on the incomplete intention of the defendant to file a motion.